UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -:
JOSE CASTELLANOS,                    : 13 Civ. 3061 (JGK)(JCF)
                                     :
            Plaintiff,               :      REPORT AND
                                     :      RECOMMENDATION
    - against -                      :
                                     :
MID BRONX COMMUNITY HOUSING          :
MANAGEMENT CORPORATION,              :
                                     :
            Defendant.               :
- - - - - - - - - - - - - - - - - - -:
TO THE HONORABLE JOHN G. KOELTL, U.S.D.J.:

        The plaintiff, Jose Castellanos, brings this action pursuant
to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. (the
"FLSA") and New York Labor Law and its implementing regulations
("NYLL") against the Mid Bronx Community Housing Management
Corporation ("MBCHMC") for failing to compensate him for overtime
hours worked.  The Honorable John G. Koeltl, U.S.D.J., granted
judgment by default against MBCHMC and referred this case to me for
the calculation of damages.  (Order of Default dated January 31,
2014).  A hearing was held on April 11, 2014; notice was sent to
the defendant but was returned as undeliverable.  The following
findings are therefore based on evidence presented at the hearing
and information submitted by the plaintiff.  For the reasons set
forth below, the plaintiff should be awarded damages in the amount
of $14,397.60.  In addition, the plaintiff should be granted
attorneys' fees and costs in the amount of $7,012.50.

Background

MBCHMC is a New York corporation engaged in housing development, property management, and economic development in the Bronx, with annual gross revenue over $500,000. (Complaint ("Compl."), ¶¶ 6-7, 9). The plaintiff is a resident of New York who performed cleaning and maintenance duties at MBCHMC from June 2007 until August 2012. (Compl., ¶¶ 11, 14; Plaintiff's Affidavit of Damages ("Pl. Aff."), attached as Exh. A to Proposed Findings of Fact and Conclusions of Law ("Findings of Fact"), ¶ 4). Although he worked 42.5 hours per week, Mr. Castellanos only received his regular wage rate of $8.00 per hour and was never paid overtime wages. (Compl., ¶¶ 15-18, 28-29, 41; Pl. Aff., ¶¶ 5-6). Mr. Castellanos initiated the present action on May 6, 2013, seeking unpaid overtime compensation and liquidated damages for allegedly willful violations of the FLSA and NYLL, together with attorneys' fees and costs. (Compl., ¶¶ 1-2, 32, 34, 36-38, 44).[1]

---

[1] The plaintiff also initially alleged time-shaving, unpaid spread of hours premium, and statutory damages for violations of notification and reporting requirements under NYLL. (Compl., ¶¶ 43-44). However, those claims appear to have been abandoned, as the plaintiff's proposed Findings of Fact seek compensation only for unpaid overtime. (Findings of Fact, ¶ 13; Pl. Aff., ¶ 7).

Discussion

    A. <u>Jurisdiction</u>

    This Court has subject matter jurisdiction over the plaintiff's FLSA claim pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), and supplemental jurisdiction over the NYLL claim pursuant to 28 U.S.C. § 1367. As a corporation organized under the laws of New York, MBCHMC is subject to personal jurisdiction in this Court pursuant to New York Civil Practice Law and Rules § 301, and venue is proper in this district pursuant to 28 U.S.C. § 1391.

    B. <u>Liability</u>

    Where a defendant has defaulted, all of the facts alleged in the complaint, except those relating to the amount of damages, must be accepted as true. <u>See</u> <u>Transatlantic Marine Claims Agency v. Ace Shipping Corp.</u>, 109 F. 3d 105, 108 (2d Cir. 1997); <u>Lenard v. Design Studio</u>, 889 F. Supp. 2d 518, 526-27 (S.D.N.Y. 2012) (citing <u>Au Bon Pain Corp. v. Artect, Inc.</u>, 653 F.2d 61, 65 (2d Cir. 1981)). Nonetheless, a court "must still satisfy itself that the plaintiff has established a sound legal basis upon which liability may be imposed." <u>Jemine v. Dennis</u>, 901 F. Supp. 2d 365, 373 (E.D.N.Y. 2012); <u>see also</u> <u>GAKM Resources LLC v. Jaylyn Sales Inc.</u>, No. 08 Civ. 6030, 2009 WL 2150891, at *2 (S.D.N.Y. July 20, 2009).

    Here, the allegations contained in the Complaint establish the defendant's liability under both the FLSA and NYLL. Mr.

Castellanos is a "covered employee" under the FLSA, 29 U.S.C. § 203(e), a term that includes individuals performing "cleaning and maintenance." (Complaint, ¶ 14); see Berrezueta v. Royal Crown Pastry Shop, Inc., No. 12 CV 4380, 2013 WL 6579799, at *2, 7 (E.D.N.Y. Dec. 16, 2013) (granting default judgment on plaintiff's FLSA and NYLL claims based on employment as cleaner and maintenance worker); Cruz v. Rose Associates, LLC, No. 13 Civ. 112, 2013 WL 1387018, at *3 (S.D.N.Y. April 5, 2013) (finding that maintenance workers are covered employees under the FLSA). He is also covered under NYLL, which "defines . . . 'employee' in the same broad manner as the FLSA." Campos v. Lemay, No. 05 Civ. 2089, 2007 WL 1344344, at *4 (S.D.N.Y. May 7, 2007). Additionally, the plaintiff alleges that MBCHMC is an "enterprise engaged in interstate commerce" with more than $500,000 in annual gross income, and is not exempt under 29 U.S.C. § 213; the defendant is thus a covered employer under the FLSA. (Compl., ¶¶ 9-10); 29 U.S.C. §§ 203(r)(1), 203(s)(1)(A)(i)-(ii), 206(a), 207(a). NYLL does not require that an employer be engaged in interstate commerce or meet thresholds of minimum annual sales. NYLL § 651(5)-(6).

The plaintiff alleges that he regularly worked 42.5 hours per week but was only paid for 40 hours per week at his regular wage rate of $8.00 an hour. (Compl., ¶¶ 15-18, 28-29, 41; Pl. Aff., ¶¶ 5-6). Under the FLSA, employees must be compensated "at a rate not

4

less than one and one-half times the regular rate" for every hour worked in excess of 40 hours per week.  29 U.S.C. § 207(a)(1); 29 C.F.R. § 778.107.  For an hourly employee such as Mr. Castellanos, "the hourly rate is the 'regular rate.'" 29 C.F.R. § 778.110(a). Similarly, NYLL requires that employees be compensated at a rate of one and one-half times the regular rate for any hours worked in excess of 40 hours per week, 12 N.Y. Code R. & Reg ("NYCRR") § 142-2.2; the regular rate is "the amount that the employee is regularly paid for each hour of work," 12 NYCRR § 142-2.16.

In an FLSA case where the defendant does not rebut a plaintiff's recollection of hours worked, that estimate is presumed to be correct.  Yang v. ACBL Corp., 427 F. Supp. 2d 327, 335 (S.D.N.Y. 2005).  "An affidavit that sets forth the number of hours worked is sufficient" to carry the plaintiff's initial burden of recalling uncompensated hours worked.  Angamarca v. Pita Grill 7 Inc., No. 11 Civ. 7777, 2012 WL 3578781, at *3 (S.D.N.Y. Aug. 2, 2012) (noting that in default cases, even approximations by plaintiff are given credit and used to determine damages).

Because MBCHMC defaulted and Mr. Castellanos' uncontested allegations that he was not paid anything for the 2.5 hours per week he worked in excess of 40 hours are accepted as true, the plaintiff has sufficiently set forth the elements to state claims under the FLSA and NYLL for failure to pay overtime wages.  The

defendant may therefore be held liable for such violations.

C.  Damages

1.  Willfulness

As a threshold question, the plaintiff has alleged that MBCHMC had a "policy and practice of refusing to pay" for any hours worked in a week beyond 40 hours, suggesting that the defendant was seeking to avoid paying at an overtime rate. (Compl., ¶¶ 30, 32, 34, 36-37, 41-42; Findings of Fact, ¶ 16). A determination that an employer's underpayments were willful extends the statute of limitations under the FLSA from two to three years pursuant to 29 U.S.C. § 255(a), and allows for liquidated damages under NYLL § 198(1-a) and 29 U.S.C. § 260.

The employer bears the burden of establishing that liquidated damages should not be awarded. Reich v. South New England Telecommunications Corp., 121 F.3d 58, 71 (2d Cir. 1997). "Where a default judgment is entered against a defendant under the FLSA, allegations that the violations were willful are deemed admitted." Pineda v. Masonry Construction, Inc., 831 F. Supp. 2d 666, 674 (S.D.N.Y. 2011); see also Wicaksono v. XYZ 48 Corp., No. 10 Civ. 3635, 2011 WL 2022644, at *6 (S.D.N.Y. May 2, 2011) ("[T]he defendant is in default, and therefore the plaintiffs' allegation that its conduct was willful is credited."), report and recommendation adopted, 2011 WL 2038973 (S.D.N.Y. May 24, 2011);

<u>Jin M. Cao v. Wu Liang Ye Lexington Restaurant, Inc.</u>, No. 08 Civ. 3725, 2010 WL 4159391 at *2 (S.D.N.Y. Sept. 30, 2010) ("[D]efendants defaulted and thus plaintiffs' allegations that the FLSA violations were willful are deemed admitted."). The standard for willfulness under NYLL "does not appreciably differ" from that of the FLSA. <u>Moon v. Kwon</u>, 248 F. Supp. 2d 201, 235 (S.D.N.Y. 2002). I therefore analyze the plaintiff's damages claims under the applicable framework for willful violations of the FLSA and NYLL.

### 2.   <u>Statute of Limitations</u>

The statute of limitations under NYLL is six years, NYLL § 198(3), and the statute of limitations for willful violations of the FLSA is three years, 29 U.S.C. § 255(a). Mr. Castellanos filed his Complaint on May 6, 2013. He is thus entitled to recover unpaid overtime under the FLSA dating back three years from that time, <u>i.e.</u>, from May 6, 2010 until the end of his employment in August 2012. He is entitled to recover unpaid overtime under the FLSA dating back six years, and may thus be compensated under NYLL from the start of his employment in June 2007 up to May 6, 2010.

### 3.   <u>Compensatory Damages</u>

Mr. Castellanos is entitled to recover the unpaid overtime wages that he alleges he did not receive. 29 U.S.C. § 216(b); NYLL § 198(3). For the duration of his employment by MBCHMC from June

2007 to August 2012, Mr. Castellanos was paid $8.00 an hour.  He is therefore due one and one-half times that rate, or $12.00 an hour, for each unpaid overtime hour that he worked in a given work week. 29 U.S.C. § 207(a)(1); 12 NYCRR § 142-2.2.[2]  For the 258 weeks that the plaintiff worked at MBCHMC from June 2007 until August 2012, he averaged 42.5 hours per week but was only paid for 40 hours per week.  Mr. Castellanos is therefore entitled to $12.00 an hour times 2.5 hours per week, or $30.00 per week, for 258 weeks, for a total of $7,740.00 in unpaid overtime wages.  (Pl. Aff., ¶ 7).[3]

   4.   Liquidated Damages

   Both the FLSA and NYLL provide for liquidated damages.  Under the FLSA, an employer who violates overtime provisions of the law is liable for an amount in liquidated damages equal to the amount owed in compensatory damages.  29 U.S.C. § 216(b); Smith v. Nagai, No. 10 Civ. 8237, 2012 WL 2421740, at *4 ("A defendant found to have violated the FLSA is required to pay the employee an

---

[2] The plaintiff cannot recover under both NYLL and the FLSA for the same overtime violations.  Cao, 2010 WL 4159391, at *2 n.2. Though irrelevant here as both the FLSA and NYLL allow for full recovery of unpaid wages, the distinction over which portions of Mr. Castellanos' employment were covered by the FLSA versus which covered by the NYLL will be discussed below in relation to liquidated damages and prejudgment interest.

[3] The plaintiff does not indicate how the 258 week estimate was calculated.  It appears to include 52 weeks for each of the three years from August 2009 to August 2012, or 156 weeks, and 102 weeks over the 26-month span from June 2007 through July 2009. (Pl. Aff., ¶¶ 7, 8).

additional amount in liquidated damages equal to the unpaid
overtime."), <u>report and recommendation adopted sub nom.</u> <u>Smith v.</u>
<u>Saki Restaurant Corp.</u>, 2012 WL 2428929 (S.D.N.Y. June 27, 2012).
These damages are "not a penalty exacted by the law, but rather
compensation to the employee occasioned by the delay in receiving
wages due caused by the employer's violation of the FLSA." <u>Herman</u>
<u>v. RSR Security Services Ltd.</u>, 172 F.3d 132, 142 (2d Cir. 1999).

Under NYLL, a prevailing employee is entitled to liquidated
damages in the amount of one hundred percent of unpaid overtime
accrued after April 9, 2011, and twenty-five percent of unpaid
overtime accrued prior to that date. NYLL §§ 198(1-a), 663(1); <u>see</u>
<u>Garcia v. Giorgio's Brick Oven & Wine Bar</u>, No. 11 Civ. 4689, 2012
WL 3339220, at *4 (S.D.N.Y. Aug. 15, 2012) ("Effective April 9,
2011, Sections 198(1-a) and 663(1) of the NYLL were amended to
provide for liquidated damages equal to one-hundred percent of the
amounts underpaid."), <u>report and recommendation adopted</u>, 2012 WL
3893537 (S.D.N.Y. Sept. 7, 2012); <u>McLean v. Garage Management</u>
<u>Corp.</u>, Nos. 10 Civ. 3950, 09 Civ. 9325, 2012 WL 1358739, at *9
(S.D.N.Y. April 19, 2012) (noting that amendments to NYLL could not
be retroactively applied).  Unlike the FLSA, liquidated damages
under New York law are meant as a penalty to deter willful employer
violations. <u>Carter v. Frito-Lay, Inc.</u>, 74 A.D. 2d 550, 551, 425
N.Y.S. 2d 115, 116-17 (1st Dep't 1980).

District courts in this circuit have disagreed over whether a plaintiff may obtain liquidated damages for the same violations under both the FLSA and NYLL. Berrezueta, 2013 WL 6579799, at *6 (noting that "majority view is that prevailing plaintiffs may recover liquidated damages under both the FLSA and the NYLL" and collecting cases); Guadalupe v. Tri-State Employment, Management & Consulting, Inc., No. 10 CV 3840, 2013 WL 4547242, at *14 (E.D.N.Y. Aug. 28, 2013) (noting disagreement over whether liquidated damages under FLSA and NYLL serve similar or different purposes); Angamarca, 2012 WL 3578781, at *8 (collecting cases).  I decline to address this issue, however, as the plaintiff claims liquidated damages under only one authority or the other for any given period of his employment.  (Pl. Aff., ¶ 8).  I will therefore award liquidated damages under either the FLSA or NYLL for the relevant periods.  Cf. Smith, 2012 WL 2421740, at *4 (awarding 125% liquidated damages for period of overlapping coverage under FLSA and NYLL).

As the plaintiff has alleged willfulness and the defendant did not contest those allegations, Mr. Castellano may recover as liquidated damages 100% of that owed pursuant to the FLSA for weeks worked during the three years prior to filing the Complaint and 25% of the damages owed under the NYLL for weeks worked prior to the FLSA coverage.  However, the plaintiff incorrectly calculates

liquidated damages of $5,445.00 based on FLSA coverage from
"August, 2009, until August 2012" and NYLL coverage "from June,
2007 through July, 2009." (Pl. Aff., ¶ 8; Findings of Fact, ¶
20b). Because the statute of limitations under the FLSA is three
years, Mr. Castellanos' coverage under federal law began on May 6,
2010, three years prior to the filing of his Complaint. See, e.g.,
Angamarca, 2012 WL 3578781, at *4 (calculating beginning of FLSA
coverage from three years prior to filing of complaint). Inferring
from the plaintiff's calculations that Mr. Castellanos' estimated
dates of employment were from June 1, 2007, until August 1, 2012,
and accepting, as discussed above, that Mr. Castellano worked every
week from August 2009 until August 2012 but only 102 weeks from
June 2007 to August 2009 (Pl. Aff., ¶ 8), he was covered under the
FLSA between May 6, 2010, and August 1, 2012, for 116 weeks, and
under NYLL between June 1, 2007, and May 5, 2010, for 142 weeks
(the remainder of the 258 weeks of covered employment he alleges).
The liquidated damages owed are thus 116 weeks times $30.00 per
week times 100% under the FLSA, or $3,480.00, plus 142 weeks times
$30.00 per week times 25% under NYLL, or $1,065.00, for a total of
$4,545.00.

     5. Prejudgment Interest

    Plaintiffs are not entitled to both prejudgment interest and
liquidated damages under the FLSA, Brock v. Superior Care, Inc.,

840 F.2d 1054, 1064 (2d Cir. 1988) (per curiam), but may obtain prejudgment interest pursuant to NYLL for any covered period for which the plaintiff did not receive liquidated damages under the FLSA, Reilly v. Natwest Markets Group Inc., 181 F.3d 253, 265 (2d Cir. 1999); Berrezueta, 2013 WL 6579799, at *6 (plaintiffs "may recover prejudgment interest only on unpaid state wages and overtime for which they have not recovered FLSA liquidated damages"). Under NYLL, a plaintiff is entitled to prejudgment interest at a rate of nine percent per year, applied against compensatory damages only. N.Y. C.P.L.R. §§ 5001, 5004; Angamarca, 2012 WL 3578781, at *9.

Generally, where damages are "incurred at various times," as is the case with unpaid wages over the course of several years, "interest shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date." N.Y. C.P.L.R. § 5001(b). "Simple pre-judgment interest is calculated by multiplying the principal by the interest rate by the time period -- from a singular, midpoint date [of accrual of damages] -- up until and including the date judgment is entered." Angamarca, 2012 WL 3578781, at *9; see also Ting Yao Lin v. Hayashi Ya II, Inc., No. 08 Civ. 6071, 2009 WL 289653, at *7 (S.D.N.Y. Jan. 30, 2009), report and recommendation adopted sub nom. Yao Lin v. Hayashi Ya II, Inc., 2009 WL 513371 (S.D.N.Y. Feb.

12

27, 2009).

Here, the accrual of damages under NYLL occurred from June 2007 through May 6, 2010, a period of 142 weeks for which Mr. Castellanos is owed $4,260.00 (142 weeks times 2.5 hours per week times $12.00 per hour). Using the simple interest formula discussed above, Mr. Castellanos is entitled to prejudgment interest at a rate of $1.05 per diem ($4,260.00 times 9% divided by 365). A reasonable intermediate date from which to calculate accrual of that interest is November 15, 2008, the approximate mid-point of the interest period. As of May 19, 2014, the prejudgment interest due to the plaintiff totals $2,112.60, and continues to accrue at a daily rate of $1.05.[4]

D. Attorneys' Fees & Costs

The plaintiff seeks $6,400.50 in attorneys' fees and $702.00 in costs. The FLSA and NYLL provide that successful plaintiffs may be awarded reasonable attorneys' fees and costs. 29 U.S.C. § 216(b); NYLL § 198(1-a), 663(1); see also Francois v. Mazer, 523 F. App'x 28, 29 (2d Cir. 2013); Gurung v. Malhotra, 851 F. Supp. 2d 583, 595 (S.D.N.Y. 2012). In order to determine the appropriate

---

[4] The plaintiff claimed a total of $696.60, the result of incorrectly calculating prejudgment interest by taking the total amount owed in unpaid overtime wages under both the FLSA and NYLL and multiplying by nine percent. (Pl. Aff., ¶ 9, Findings of Fact, ¶¶ 17, 20(c)). I have corrected both the time period, to exclude FLSA coverage, and the equation for assessing simple interest.

fee award, a "presumptively reasonable fee" or "lodestar" is calculated by multiplying "a reasonable hourly rate by the reasonable number of hours expended on the case." <u>Sandoval v. Materia Brothers, Inc.</u>, No. 11 Civ. 4250, 2013 WL 1767748, at *3 (S.D.N.Y. March 5, 2013); <u>see also</u> <u>Millea v. Metro-North Rail Road Co.</u>, 658 F.3d 154, 166 (2d Cir. 2011); <u>Arbor Hill Concerned Citizens Neighborhood Association v. County of Albany</u>, 522 F.3d 182, 189-90 (2d Cir. 2008).

     1. <u>Hours Reasonably Expended</u>

A party seeking attorneys' fees must present "contemporaneous time records that show for each attorney the date, the hours expended, and the nature of the work done." <u>Ontel Products Corp. v. Amico International Corp.</u>, No. 07 Civ. 7356, 2008 WL 4200164, at *5 (S.D.N.Y. Aug. 19, 2008) (internal quotation marks omitted); <u>see also</u> <u>Scott v. City of New York</u>, 643 F.3d 56, 58 (2d Cir. 2011). In assessing whether the hours worked were reasonable, courts in this district often take into account the "straightforward nature of the work performed [and] the relative simplicity of the issues involved." <u>Palacios v. Z & G Distributors, Inc.</u>, No. 11 Civ. 2538, 2013 WL 4007590, at *6 (S.D.N.Y. Aug. 6, 2013); <u>see also</u> <u>Ibarra v. HSCS Corp.</u>, No. 10 Civ. 5109, 2012 WL 3964735, at *4 (S.D.N.Y. 2012).

Here, plaintiff's counsel has provided documentation of the

14

work done, including attempts to serve the Complaint, preparing and applying for a default judgment, and preparing for the inquest and submitting the proposed Findings of Fact, as well as the hours expended and the individuals responsible. (Affidavit of Jodi J. Jaffe dated March 28, 2014 ("Jaffe 3/28/14 Aff."), attached as Exh. B to Findings of Fact). This case was not complicated; the defendant defaulted after failing to appear, and the issues of liability were not complex. It appears that two attorneys worked 15.6 hours and four paralegals worked 10.1 hours for a total of 25.7 hours. (Jaffe 3/28/14 Aff.). This is a reasonable number of hours for an FLSA default case of this nature. See, e.g., Greathouse v. JHS Security, Inc., No. 11 Civ. 7845, 2012 WL 3871523, at *10 (S.D.N.Y. Sept. 7, 2012), report and recommendation adopted as modified, 2012 WL 5185591 (S.D.N.Y. Oct. 19, 2012) (finding 24.2 hours a reasonable number of hours spent on an FLSA default case).

2. Reasonable Hourly Rate

Determination of what constitutes a reasonable hourly rate involves "a case-specific inquiry into the prevailing market rates for counsel." Farbotko v. Clinton County, 433 F.3d 204, 209 (2d Cir. 2005). The hourly rates must be "in line with those [rates] prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Reiter

15

v. MTA New York City Transit Authority, 457 F.3d 224, 232 (2d Cir.

2006) (alteration in original) (internal quotation marks omitted);

see also  Blum v. Stenson, 465 U.S. 886, 896 n. 11 (1984); Simmons

v. New York City Transit Authority, 575 F.3d 170, 174 (2d Cir.

2009).   The relevant community in this case is the Southern

District of New York.  Arbor Hill, 522 F.3d at 190; Rosado v. City

of New York, No. 11 Civ. 4285, 2012 WL 955510, at *4 (S.D.N.Y.

March 15, 2012).

     As noted, it appears that two attorneys and four paralegals

from Jaffe Glenn Law Group worked on the case.  (Jaffe 3/28/14

Aff.).  Jodi J. Jaffe, counsel of record on the case, billed

$350.00 an hour for her work.  Ms. Jaffe is a 50% shareholder of

the firm has practiced law for several decades in Florida and New

York. (Jaffe 3/28/14 Aff.).  In labor and employment cases, courts

in this district have approved hourly rates of $300-400 for

partners. See Scott, 643 F.3d at 59 (holding $550 per hour rate in

FLSA case to be reasonable); see also Wong v. Hunda Glass Corp.,

No. 09 Civ. 4402, 2010 WL 3452417, at *3 (S.D.N.Y. Sept. 1, 2010)

(reasonable hourly rate for "employment law litigators with

approximately ten years' experience is between $250 per hour and

$350 per hour"); New York District Council of Carpenters Pension

Fund v. Perimeter Interiors, Inc., 657 F. Supp. 2d 410, 424

(S.D.N.Y. 2009) (granting summary judgment in ERISA case and

16

awarding $425 per hour for partners, $300 per hour for associates, and $150 per hour for paralegals); <u>Cesario v. BNI Construction, Inc.</u>, No. 07 Civ. 8545, 2008 WL 5210209, at *9 (S.D.N.Y. Dec. 15, 2008) (awarding $250 per hour for senior attorney in FLSA case); <u>Ansoumana v. Gristedes Operating Corp.</u>, No. 00 Civ. 253, 2004 WL 504319, at *3 (S.D.N.Y. Jan. 7, 2004) (approving rate of $400 an hour for experienced attorneys in FLSA case).  Ms. Jaffe's rate is within the reasonable range of prevailing market rates.[5] Furthermore, the $95.00 per hour rate for the 10.1 hours of work done by paralegals is also commensurate with rates awarded in this district.  <u>See</u> <u>Gurung</u>, 851 F. Supp. 2d at 597 (ordering hourly rates of $150 for law clerks and $100 for paralegals); <u>Perimeter Interiors</u>, 657 F. Supp. 2d at 424.

     3. <u>Total Attorneys' Fees</u>

Ms. Jaffe billed 15.3 hours at a rate of $350.00 for a total of $5,355.00.  The paralegals billed 9.9 hours at $95.00 and 0.2 hours at $75.00 for a total of $955.50.  The presumptively reasonable compensation is thus $6,310.50.  There is no basis for adjusting this number, which I therefore recommend be awarded.  <u>See</u>

---

[5]  An individual named Alan Walkow billed less than one hour on December 11, 2013, at a rate of $300.00 an hour; however, because no information regarding Mr. Walkow's qualifications or position at the firm has been provided, I am unable to consider whether his rate is reasonable and thus do not accept the billing for his time.

Perdue v. Kenny A., 559 U.S. 542, 554 (2010) (noting that in "rare circumstances" a court may adjust the lodestar when it "does not adequately take into account a factor that may properly be considered in determining a reasonable fee."); Millea, 658 F.3d at 167 (quoting Perdue).

    4. Costs

The plaintiff also claims $702.00 in total costs: $350.00 for filing the Complaint, $318.00 for service of process, and $34.00 in travel costs. (Jaffe 3/28/14 Aff.). While some courts in this district have rejected compensation for costs absent supporting documentation, see, e.g., Carrasco v. West Village Ritz Corp., No. 11 Civ. 7843, 2012 WL 2814112, at *7 (S.D.N.Y. July 11, 2012), report and recommendation adopted, 2012 WL 3822238 (S.D.N.Y. Sept. 4, 2012), plaintiff's counsel has sworn to incurring these reasonable out-of-pocket expenses that are fully compensable under the FLSA, Angamarca, 2012 WL 3578781, at *14 (approving court filing fee and $600 in service of process fees for default judgment in FLSA and NYLL case); see also Kuzma v. Internal Revenue Service, 821 F.2d 930, 933-34 (2d Cir. 1987) ("Identifiable, out-of-pocket disbursements for items such as photocopying, travel, and telephone costs" are typically compensable). The plaintiffs' costs of $702.00 should therefore be granted.

Conclusion

For the reasons set forth above, I recommend that Mr. Castellanos be awarded $7,740.00 in unpaid overtime wages, $4,545.00 in liquidated damages for violations of the FLSA and NYLL, and $2,112.60 in prejudgment interest as of May 19, 2014, along with $6,310.50 in attorneys' fees, and $702.00 in costs, for a grand total of $21,410.10. In addition, prejudgment interest on Mr. Castellanos' back pay will continue to accrue at a rate of $1.05 per diem until the entry of final judgment.

Pursuant to 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and 6(d) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from this date to file written objections to this Report and Recommendation. Such objection shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of the Honorable John G. Koeltl, Room 1030, and to the chambers of the undersigned, Room 1960, 500 Pearl Street, New York, New York 10007. Failure to file timely objections will preclude appellate review.

Respectfully submitted,

James C. Francis IV

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

19

Dated:     New York, New York
           May 19, 2014

Copies mailed this date:

Jodi J. Jaffe, Esq.
Jaffe Glenn Law Group, P.A.
168 Franklin Corner Rd., Bldg. 2
Suite 220
Lawrenceville, NJ 08648

Mid Bronx Community Housing Corp.
2385 Valentine Ave.
Bronx, NY 10458